## Case No. 17,863.

### WINANS v. NEW YORK & E. R. CO.

[Fish. Pat. Cas. 213; Merw. Pat. Inv. 422.] [1]

Circuit Court, N. D. New York.   June, 1856.[2]

PATENTS FOR INVENTIONS—SUFFICIENCY OF SPECIFICATIONS—ACTION FOR INFRINGEMENT — RAILROAD CARS.

1. The patent and the certified copy of the record thereof, in December, 1854, and the certified copy of the drawings deposited by the patentee in the patent office, on the 19th November, 1838, with the references thereon, are under the provisions of the act of congress of

---

1 [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.   Merw. Pat. Inv. 422, contains only a partial report.]

2 [Affirmed in 21 How. (62 U. S.) 88.]

March 3, 1837 [5 Stat. 191], prima facie evidence of the particulars of the invention patented.

2. If the jury finds the plaintiff's patent to be valid, and that the defendants have infringed, they will have no difficulty in reaching the conclusion that the invention claimed by the plaintiff was put in use by the defendants, because such use was known to be advantageous.

3. If the specification of the plaintiff's claim is too broad, and he thereby claims to be the first inventor of that which was old and in public use before his alleged discovery and invention, and which is absolutely necessary to an organization constituting the arrangement and connection claimed by the plaintiff as his invention, and having the capacity to operate upon the principles of his invention, he is not entitled to recover in action, although some substantial part of the invention claimed, or some new combination of mechanical powers or devices, described in the patent, may have been first invented and discovered by him.

4. When a patentee specifies what he claims as new, every mechanical part, principle, or combination which he mentions in his specification, but which are not included in his invention, as claimed and limited, must, by necessary implication be considered as admitted to be old, or in use before; and the patent is not invalid, because the patent has not in express words particularly stated them to be old, nor described the particular manner of their construction.

This was an action on the case tried before Judge Hall and a jury, to recover damages for the infringement of the letters patent for "a new and useful improvement in the construction of cars or carriages intended to travel upon railroads," granted to Ross Winans. October 31, 1834. A portion of the specification and the claims will be found in the report of the case of Winans v. Eaton [Case No. 17,861]. The charge of the court related mainly to the construction of the patent, for, from the evidence offered, it sufficiently appeared, that, if the claims of the patentee were construed as insisted upon by the defendants, the patent was void for want of novelty, and the plaintiff could not recover.

J. A. Spencer, D. L. Seymour, C. M. Keller, and S. Blatchford, for plaintiff.

D. B. Eaton, S. Hubbell, and S. Stevens. for defendant.

HALL, District Judge (charging jury). I am very happy to inform you that there is a prospect of this case being very speedily disposed of. These are the rulings, gentlemen, which the court has determined to make, in delivering to you the charge which is to guide you in determining your verdict.

1st. The patent itself is prima facie evidence of the novelty and utility of the invention patented. The issuing of the patent is also prima facie evidence that the specification, when delivered, was accompanied with drawings and written references thereto, as then required by statute. So also the patent, and the certified copy of the record thereof, in December, 1854, and the certified copy of the drawings deposited by the patentee in the patent office on the 19th Novem-

ber, 1838, with the references thereon, are, under the provisions of the act of congress, of July 4, 1836 [5 Stat. 117], prima facie evidence of the particulars of the invention patented.

2d. It can hardly be necessary to occupy the time of the jury upon the question of utility, for the reason that, if the jury find the plaintiff's patent to be valid, and that the defendants have infringed, they will, it is believed, have no difficulty in reaching the conclusion that the invention claimed by the plaintiff was put in use by the defendants, because such use was known to be advantageous. On the question of novelty, I shall presently give other instructions.

3. It is necessary that you should understand what the plaintiff claims as his invention; that is, what is covered by the terms of the claim contained in his specification. The plaintiff, by his specification, does not claim to be the first inventor of the first railroad car or carriage, run upon eight wheels; nor does he claim to be the discoverer of the different effects produced by the near and by the remote position of the wheels of an ordinary four-wheeled car. He admits by his specification that the different effects produced by these different positions of the wheels in a four-wheeled car were known, and he also admits that the knowledge that placing the axles of such wheels comparatively near together, enabled the car to pass curves of short radius with the least friction, but at the same time rendered it less suited to the attainment of the steadiness of motion desired; together with the knowledge that the remote position of such wheels gave greater steadiness of motion to the car, and greater relief from the lateral and vertical vibrations, and the frequent shocks and concussions caused by minute obstructions and irregularities on the track, had caused the adoption, in the modes of construction then in use, of a compromise in regard to the distance between the fore and hind wheels of the four-wheeled car; which compromise, he says, was then most commonly made, between the evils resulting from a considerable separation and a near approach of the wheels of the four-wheeled car. He then says that by the modes of construction then in use, one of these advantages of positions of wheels must be sacrificed to the other, by which, and by the statement in regard to the usual compromise, he is understood to mean that no mode of construction then in public use would allow the full advantages of both these positions of the wheels (the near and the remote) to be attained at the same time; and that in practice, a part of the advantages resulting from each position was (by the compromise in regard to the distance between the wheels, adopted in the modes of construction then in use) necessarily sacrificed, in order to obtain part of the advantages of the other position. He afterward, in stating

the object of his invention, informs us that he seeks to attain that object by the beforementioned desideratum of combining the advantages of the near and distant coupling of the axles, and other means, to be thereinafter described. He then describes the means by which this desideratum is to be obtained; the construction of two bearing-carriages, each with four wheels; the two wheels upon each side of these carriages to be placed very near each other, there being no necessity that the space between the flanges should be greater than is necessary to prevent their contact; the placing upon these bearing-carriages of a bolster of proper length, extending across between the two pairs of wheels; the placing on the top of this lower bolster of another of equal strength, and connecting the two together by a center-pin or bolt, passing down through them, and thus allowing them to swivel and turn upon each other, in the manner of the front bolster of a common road-wagon; the placing of the body of a passenger or other car, of double the ordinary length of those used upon four wheels, so as to rest its whole weight upon the two upper bolsters of the two bearing-carriages, at, near, or beyond the ends of the car body, so that such weight shall be borne substantially upon the central portion of the bolsters, being also the central portion of the bearing-carriages. His disclaimer, which follows, is in this language:

"I do not claim as my invention the running of cars or carriages upon eight wheels, this having been previously done; not, however, in the manner or for the purposes herein described, but merely with a view of distributing the weight carried, more evenly upon a rail, or other road, and for objects distinct in character from those which I have had in view, as hereinbefore set forth; nor have the wheels, when thus increased in number, been so arranged and connected with each other, either by design or accident, as to accomplish this purpose."

This disclaimer excludes from his subsequent claim no mode of arranging and connecting the eight wheels, which constitute the two bearing-carriages, with an eight-wheeled railroad car, except those modes where the use of eight wheels was adopted merely with the view of distributing the weight carried more evenly upon a rail, or other road, and for objects distinct in character from those of enabling a car with a comparatively long body to turn curves with facility and safety, and with less friction. His subsequent claim furnishes a further limit of the invention claimed, and this claim embraces, by its specific language and express terms, the manner of arranging and connecting the eight wheels, which constitute the two bearing-carriages, with a railroad car before described in the plaintiff's specification, by the means set forth, or any others which are analogous and dependent

on the same principles; and it embraces nothing more. Therefore, according to the import and true construction of the plaintiff's patent and specification, he claims to be the first inventor of "a new and useful improvement in the construction of cars and carriages intended to travel upon railroads"—which improvement consists in the manner of arranging and connecting the eight wheels, which constitute the two bearing-carriages, with a railroad car, the object of which is to make such an adjustment of the wheels, axles, and bearings of the car, as shall enable a car with a comparatively long body to pass curves with greater facility and safety, and less friction; and as shall at the same time cause the body of the car to pursue a more smooth, even, direct, and safe course over the curvatures and irregularities, and over the straight parts of the road.

4. The manner of such arrangement and connection is to place upon the upper bolsters of two bearing-carriages, each having four wheels, with the flanges of each pair of wheels very near together, the body of a car, so as to rest its weight and have the bearing of the load upon the center, or central portion of the bearing-carriages; the bolsters of the bearing-carriages and car-body respectively being connected by center-pins or bolts, so as to allow them to swivel and turn upon each other, in the manner of the front bolster of a common road-wagon, and the bolsters being placed at, near, or beyond the ends of the body, and the closeness of the fore and hind wheels of each of the two bearing-carriages, coupled as remotely from each other as may be desired, or can conveniently be done, for the support of one body, is a most important feature of the invention, with a view to the objects, and on the principles set forth in the specification.

5. The patentee does not claim to be the inventor of a car-body (either for freight or for passengers), of a new or peculiar construction, in size or form, nor of any single and wholly separate part of the entire car; but he claims as his invention, the manner of arranging and connecting the eight wheels which constitute the two bearing-carriages, with a railroad car, in the manner and by the means described in his specification, for the ends before described, whether such railroad car is adapted to the transportation of freight or of passengers. The leading principle set forth in the specification, upon which the arrangement and connection act, to effect the objects aimed at, is, that by the contiguity of the fore and hind wheels of each bearing-carriage, and the swiveling motion of the trucks or bearing-carriages, the planes of the flanges of the wheels conform more nearly to the line of the rails, and the lateral friction of the flanges on the rails while entering, passing through, and leaving curves, is thereby diminished; while at the same time, in consequence of the two bearing-carriages being arranged and con-

nected with the body of a passenger or burthen car by means of the king-bolts or center-pins and bolsters, placed as remotely from each other as may be desired, or can be conveniently done, and with the weight bearing upon the central portion of the bolsters and bearing-carriages, the injurious effect of the shocks and concussions received from the slight irregularities and imperfections of the track, and other minute disturbing causes, are greatly lessened.

6th. The plaintiff has then clearly and distinctly claimed the manner of arranging and connecting the eight wheels, which constitute the two bearing-carriages, with a railroad car, in the manner described in his specification, so as to accomplish the end proposed by the means set forth, or by any others which are analogous and dependent upon the same principles. And he has not by the disclaimer, in his specification or otherwise, circumscribed or limited this claim by admitting the previous use or disclaiming the invention of the mode of connecting and arranging the eight wheels in two bearing-carriages or trucks of four wheels each, with a car-body or platform, by means of bolsters and center-pins or bolts, allowing these trucks to swivel upon their center, so as to suit the lateral curves of the railroad, and also to run upon the straight track, and also allowing a railroad car-body of any convenient length, consistent with the required strength of such body, to be run upon such bearing-carriages upon curves of short radius—thus rendering unnecessary the compromise which the patentee represents in his specification it was, prior to his invention, necessary to make. If the patentee intended to claim only the exclusive center-bearing, and an unusual or previously unknown proximity of the wheels on either side of the separate bearing-carriages, or either of these features separately, he should have limited his claim to the particular features or feature intended to be claimed; or, if he intended to take a patent for a combination only, he should have expressly claimed the invention of such combination, and should have pointed out clearly and exactly the elementary parts of such combination. He has done neither. Nor has he by the terms of his disclaimer and claim, when considered in connection with those parts of the specification which necessarily exclude the conclusion that the patentee knew or intended to admit that railroad cars, running upon two four-wheeled swiveling trucks, were generally known to the public, or known to those interested in their adoption and use, or even when these are considered in connection with the evidence, showing the use, to some extent of such railroad cars, limited his claim to the form, substance, mechanical properties, functions or action of any number less than the whole of the separate parts or devices which, by the united mechanical action in the arrangement and connection claimed as his in-

vention, give effect and utility, as well as the peculiar character and distinguishing principle, to such arrangement and connection. He, therefore, embraces in this claim of his improvement the use of the two four-wheeled swiveling-trucks, so arranged and so connected to the body of the car as to allow the trucks, when used under, or at, or near the ends of a car-body at any convenient distance from each other, to adapt themselves to the lateral curves of the road.

And, therefore, if you find as a fact, that which I understand is conceded in this case, that the use of two four-wheeled swiveling-trucks, so arranged and so connected to the body of a car as to allow the trucks, when under, or at, or near the ends of a car-body, at any convenient distance from each other, to adapt themselves to the lateral curves of the road, is absolutely necessary to an organization constituting the arrangement and connection claimed by the plaintiff, and having the capacity to operate upon the principles of the invention claimed (as such claims are construed by this court) in order to attain to any useful extent the objects stated in the plaintiff's specification; and if you shall also find, as a fact, that cars constructed with the body of such length as to rest upon the bolsters, remotely placed at or near the ends of the car-body, and the lower bolster resting upon two four-wheeled trucks, swiveling upon their centers, so as to adapt themselves to the lateral curvatures of a railroad, by means of the use of such bolsters, connected by and swiveling upon center-pins or king-bolts, were known and in public use in the United States prior to the time of the alleged invention, then the jury must find a verdict for the defendant, whether such trucks were constructed with or without a spring to each wheel, or whether the wheels thereof were coned or cylindrical upon their threads, or revolved with, or were loose upon their axles; because the plaintiff having suffered both the original and extended terms of his patent to expire, without having filed in the patent office, according to the provisions of the seventh section of the act of March 3, 1837, a disclaimer of part of the thing claimed and patented as new, and still claiming in this suit to be the first inventor of everything which he claims as new in his patent, is precluded from claiming the benefits conferred, under certain circumstances, by the provisions of said seventh section, and because, if the specification of the plaintiff's claim is too broad, and he thereby claims to be the first inventor of what was old and in public use before his alleged discovery or invention, and which is absolutely necessary to an organization, constituting the arrangement and connection claimed by the plaintiff as his invention, and having the capacity to operate upon the principles of the invention claimed by the plaintiff; he is not entitled to recover in this action, although some substantial part of the invention claimed, or some new combination of mechanical powers or devices, described in the patent, may have been first invented and discovered by the plaintiff.

7th. I do not deem it necessary to do so, but at the suggestion of the counsel, I will add, that bearing-carriages constructed in any of the modes usually practiced at the date of the patent, (being, except in regard to the required close proximity of the two wheels on either side of the bearing-carriages, which constitute or embody what have been called the alternative modes of construction), having been in common use at the date of such patent, and that fact appearing on the face of the specification, it was unnecessary to describe particularly the mode of constructing such bearing-carriages, or the other elements which form portions of the car, containing the arrangement and connection which the plaintiff claims to have invented, if such other elements were well known and in common use; and as the patentee specifies, that he claims as new the before described manner of arranging and connecting the eight wheels, which constitute the two bearing-carriages, with a railroad car, every mechanical part, principle, or combination which he mentions in his specification, but which are not included in his invention, as claimed and limited, as before stated, must by necessary implication be considered as admitted to be old, or in use before; and the patent is not invalid, because the patent has not in express words particularly stated them to be old, nor described the particular manner of their construction.

8. It being conceded, in this case, that the defendant has not used the long, single spring described in the plaintiff's specification as part of the means, in one mode of construction, of connecting the two wheels on either side of the bearing-carriages, it is not now material or necessary to determine that said long spring is or is not claimed as a part of the plaintiff's invention; but at the request of the plaintiff's counsel I shall express my opinion upon that question, and my opinion is, that it is not so claimed.

The jury found a verdict for the defendants.

[This charge was approved, and judgment for defendants affirmed, in 21 How. (62 U. S.) 88.]

[For other cases involving this patent, see note to Winans v. Schenectady & T. R. Co., Case No. 17,865.]